Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, 6th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Tonia A. Sayour
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

*Attorneys for Plaintiff Telebrands Corp.*
*(additional counsel listed on signature page)*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **TELEBRANDS CORP.,** | Civil Action No. _____ |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **ZURU LTD.,** | |
| Defendant. | |

**COMPLAINT**

Plaintiff Telebrands Corp. ("Telebrands"), by and through its attorneys, for its Complaint against defendant Zuru Ltd. ("Zuru"), hereby alleges as follows:

**NATURE OF ACTION**

1.   This is an action for a declaratory judgment that no claim of U.S. Patent No. 9,682,789 ("the '789 patent"), owned by Tinnus Enterprises LLC and exclusively licensed to

defendant Zuru, is infringed by products being marketed by Telebrands under the name "EASY EINSTEIN BALLOONS."

## PARTIES

2. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

3. On information and belief, Zuru is a Chinese corporation that has a place of business at Room 1202 12/F, Energy Plaza, 92 Granville Rd, TST East, Kowloon, Hong Kong. On information and belief, Zuru is doing business throughout the United States and within the State of New Jersey, and within this Judicial District.

## JURISDICTION AND VENUE

4. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, *et seq.*, and the Patent Laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1, *et seq.* Based on the allegations set forth herein, there is an actual and justiciable controversy between Telebrands and Defendant regarding the non-infringement of the '789 patent.

5. Jurisdiction of this Court is founded on 28 U.S.C. §§ 1331, 1338, and 2201-02.

6. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

7. Zuru has consented to venue and jurisdiction in this Court by commencing a related action in this District against Telebrands regarding its intellectual property rights in the "Bunch O Balloons" product against Telebrands, as set forth in Zuru's Complaint in Case No. 2:15-cv-00548-CCC-MF (the "Zuru Action") in this Judicial District.

8. Zuru sells and has sold Bunch O Balloons products with the knowledge that a substantial number of them will be sold and offered for sale in the State of New Jersey.

9. Zuru's Vice President for North American Sales, Lance James, works out of his home office in Forked River, New Jersey. On information and belief, Mr. James contacts customers and prospective customers throughout the State of New Jersey in an effort to sell the Bunch O Balloons product. On information and belief, Mr. James also has communicated with customers of Telebrands about infringement of the Zuru patents, including patents related to the '789 patent.

10. Zuru has communicated to Telebrands' retail customers in New Jersey that Telebrands' Easy Einstein product infringes, *inter alia*, U.S. Patent No. 9,533,779, which has claims nearly identical to claims of the '789 patent.

## BACKGROUND

11. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere, through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

12. For over thirty years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs. For many years, Telebrands has expended enormous human and financial resources in cultivating relationships with a wide variety of retailers, *e.g.*, large retail chains, catalogs, and retail websites, which buy its products.

13. On June 20, 2017, the '789 patent, entitled "System and Method for Filling Containers with Fluids" issued to Tinnus. The '789 Patent is a continuation of United States Patent No. 9,051,066 ("the '066 patent"), which issued to Tinnus on June 9, 2015, and has been invalidated

by the Patent Trial and Appeal Board ("PTAB") of the USPTO. The '789 Patent includes three independent claims and twenty dependent claims.

14. Prior to the issuance of the '066 patent, Zuru sent Telebrands tortious letters accusing Telebrands' Balloon Bonanza product of infringing Zuru's alleged patent rights.

15. The '066 patent issued on June 9, 2015, and Zuru sued Telebrands and one of its retail customers for infringing the '066 patent on the same date that the patent issued.

16. On January 26, 2016, U.S. Patent No. 9,242,749 ("the '749 patent"), entitled "System and Method for Filling Containers with Fluids" issued to Tinnus. The '749 Patent is a continuation the '066 patent. The '749 Patent includes one independent claim. The PTAB has found that all claims of the '749 patent are likely invalid, and initiated a post-grant review proceeding.

17. Zuru and Tinnus sued Telebrands and one of its retail customers for infringement of the '749 patent on the same day that the '749 issued.

18. On April 19, 2016, U.S. Patent No. 9,315,282 ("the '282 patent") entitled "System and Method for Filling Containers with Fluids" issued to Tinnus. The '282 Patent is a continuation of the '749 patent. The '282 Patent includes one independent claim and two dependent claims. The PTAB has found that all claims of the '282 patent are likely invalid, and initiated a post-grant review proceeding.

19. Zuru and Tinnus sued Telebrands and seven of its retail customers for infringement of the '282 patent on the same day that the '282 issued.

20. On December 27, 2016, U.S. Patent No. 9,527,612 ("the '612 patent") entitled "System and Method for Filling Containers with Fluids" issued to Tinnus. The '612 Patent is a continuation of the '066 patent. The '612 Patent includes one independent claim and three dependent claims.

21. Zuru and Tinnus sued Telebrands and one of its retail customers for infringement of the '612 patent within 3 months of the issuance of the '612 patent.

22. On January 3, 2017, U.S. Patent No. 9,533,779 ("the '779 Patent"), entitled "System and Method for Filling Containers with Fluids" issued to Tinnus. The '779 Patent is a continuation of the '749 patent. The '779 Patent includes four independent claims and nine dependent claims.

23. Zuru and Tinnus sued Telebrands and one of its retail customers for infringement of the '779 patent within 3 months of the issuance of the '779 patent.

24. During prosecution of the '789 patent, all the pending claims 1-25 were rejected on the ground of, *inter alia*, double patenting over the claims of US Applications 14/678,878, now the '612 patent, 14/976,055, 14/921,212, now the '282 patent, and 14/929,787, now the '779 patent, and US Patents 9,242,749 and 9,051,066, because the claims are not patently distinct from each other. The Applicant cancelled the pending claims 1-25, added new claims 26-52, and filed a terminal disclaimer to overcome the rejections, resulting in allowance.

25. Mr. Joshua Malone ("Malone") is the named inventor of each of the '066 patent, the '749 patent, the '282 patent, the '612 patent, the '779 patent and the '789 patent.  Additionally, on information and belief, Malone is the owner and President of Tinnus.  Malone assigned his rights in '066 patent, the '749 patent, the '282 patent, the '612 patent, the '779 patent and the '789 patent to Tinnus, which exclusively licensed its rights to Zuru.

26. Zuru claims that it has the right to enforce the aforementioned intellectual property rights in the Bunch O Balloons product, including the family of patents that includes the '789 patent.

27. Telebrands designed and developed a water balloon-filling product that it recently began marketing, which it refers to as EASY EINSTEIN BALLOONS.

28. Although a district court in the Eastern District of Texas has entered a preliminary

injunction order to prevent Telebrands from marking, using, offering for sale, importing or selling the EASY EINSTEIN BALLOONS product, Telebrands has filed a notice of appeal to the Federal Circuit, and will file a motion to stay that preliminary injunction.   Telebrands intends to resume sales of EASY EINSTEIN BALLOONS as soon as it is permitted to do so.

29. Telebrands' retail customers, including Wal-Mart, Walgreens Boots Alliance, Inc. and Love's Travel Stops and Country Stores, Inc., are selling the EASY EINSTEIN BALLOONS product, and Plaintiff has sued these retail customers for infringing other Zuru patents.  Telebrands has agreed to indemnify these retail customers, and reasonably expects that Zuru and Tinnus will sue these retail customers for infringing the '789 patent.

30. The EASY EINSTEIN BALLOONS Products do not infringe any claim of the '789 patent.  Among other things, the '789 patent includes three independent claims having numerous limitations that are missing from the EASY EINSTEIN BALLOONS Products.  For example, claim 1 includes, *inter alia*, the following limitation: "a fastener attaching the neck of the balloon to the end of the tube, the fastener configured to restrict detachment of the balloon from the tube and ***to automatically seal the balloon upon detachment of the balloon from the tube.***"

31. The EASY EINSTEIN BALLOONS Products do not include a fastener that is configured to "automatically seal the balloon upon detachment of the balloon from the tube," as claimed in claim 1 of the '789 patent.  Claim 1 of the '789 patent requires that the fastener (1) attach the neck of the balloon to the end of the tube; (2) restrict detachment of the balloon from the tube; and (3) automatically seal the balloon upon detachment of the balloon from the tube.  The EASY EINSTEIN BALLOONS does not include a fastener that meets all of these limitations.  The EASY EINSTEIN BALLOONS product includes an internal valve.

32. Remaining independent claims 8 and 16 of the '789 patent include similar limitations

as claim 1. Claim 8 includes, *inter alia*, the following limitation: "a fastener attaching the balloon to the tube, the fastener configured to restrict detachment of the balloon from the tube and ***to automatically seal the balloon upon detachment of the balloon from the tube.***" Claim 16 includes, *inter alia,* the following limitation: "the fastener configured to: removably couple the balloon to the tube, permit fluid from the pressurized supply of fluid to pass through the tube and into the balloon, and ***automatically restrict the fluid from exiting the balloon through the neck portion upon decoupling the balloon and fastener from the tube.***" The EASY EINSTEIN BALLOONS does not include a fastener that meets all of these limitations of independent claims 8 or 16.

33.     Because Defendant has asserted that the EASY EINSTEIN BALLOONS Products infringe the '749 patent, the '282 patent, the '612 patent, and the '779 patent, Defendant undoubtedly will assert that the EASY EINSTEIN BALLOONS Products infringe the '789 patent, whose claims are substantially the same as the independent claims of the '779 patent.

34.     Accordingly, there is a substantial controversy between Telebrands and Defendant, whose legal interests are adverse and of sufficient immediacy and reality to warrant the issuance of a declaratory judgment as to whether Telebrands' EASY EINSTEIN BALLOONS Products infringe the '789 patent.

35.     Zuru sells multiple balloon filling product under the name Bunch O Balloons.

36.     Bunch O Balloons and EASY EINSTEIN BALLOONS products are competing products.

37.     Prior to the EASY EINSTEIN BALLOONS product, Telebrands sold Battle Balloons and Balloon Bonanza products.

38. Both parties sell and/or have sold the foregoing products to retailer customers in the State of New Jersey, which, in turn, sell and/or have sold the foregoing products to consumers throughout the State of New Jersey.

## COUNT ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '789 PATENT

39. Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

40. Telebrands has not infringed and does not infringe, directly or indirectly, either literally or under the doctrine of equivalents, any claim of the '789 patent through the manufacture, use, sale, offer to sell, or importation of the EASY EINSTEIN BALLOONS Products.

41. Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that no claim of the '789 patent is infringed by Telebrands' manufacture, use, sale, offer to sell, or importation of the EASY EINSTEIN BALLOONS Products.

42. Telebrands has no adequate remedy at law.

43. Accordingly, Telebrands seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-02 that the '789 patent is not infringed.

## PRAYER FOR RELIEF

**WHEREFORE,** Telebrands demands judgment as follows:

a. Entering judgment in Telebrands' favor and against Defendant on its claims;

b. Declaring that the EASY EINSTEIN BALLOONS Products do not infringe any claim of the '789 patent;

c. Preliminarily and permanently enjoining Zuru, its agents, factories, servants, employees and attorneys and all those acting in concert or participation with them from falsely

representing or suggesting in the U.S. that the EASY EINSTEIN BALLOONS Products infringe the '789 patent or any patent with patentably indistinct claims;

    d.    Declaring this case an exceptional case and awarding Telebrands its attorneys' fees; and

    e.    Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Telebrands demands a jury trial on all issues and claims so triable.

Respectfully submitted,

Dated: June 20, 2017        By: *s/ Liza M. Walsh*

Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, 6th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Robert T. Maldonado (*pro hac vice* motion to be submitted)
Tonia A. Sayour
Elana Araj (*pro hac vice* motion to be submitted)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

D. Michael Underhill (*pro hac vice* motion to be submitted)
Eric Maurer (*pro hac vice* motion to be submitted)
Stacey Grigsby (*pro hac vice* motion to be submitted)

BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Plaintiff Telebrands Corp.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the following actions:

(1) The action filed on January 27, 2015 and pending in the United States District Court for the District of New Jersey: *Zuru, Ltd. v. Telebrands Corp.*, No. 2:15-cv-00548-CCC-MF; and

(2) The action filed on June 9, 2015 and pending in the United States District Court for the Eastern District of Texas: *Tinnus Enterprises, LLC, et al. v. Telebrands Corp., et al.*, No. 6:15-cv-00551 (RWS)(JDL);

(3) The action filed on January 26, 2016 and pending in the United States District Court for the Eastern District of Texas: *Tinnus Enterprises, LLC, et al. v. Telebrands Corp.*, No. 6:16-cv-00033 (RWS)(JDL);

(4) The action filed on January 26, 2016 and pending in the United States District Court for the Eastern District of Texas: *Tinnus Enterprises, LLC. v. Wal-Mart Stores, Inc. et al.,* No. 6:16-cv-00034 (RWS)(JDL) consolidated with *Tinnus Enterprises, LLC, et al. v. Telebrands Corp.*, No. 6:16-cv-00033 (RWS)(JDL);

(5) The action filed on March 20, 2017 and pending in the United States District Court for the Eastern District of Texas: *Tinnus Enterprises, LLC, et al. v. Telebrands Corp.et al.*, No. 6:17-cv-00170 (RWS)(JDL); and

(6) The action filed on June 16, 2017 and pending in the United States District Court for the Eastern District of Texas: *Tinnus Enterprises, LLC v. Wal-Mart Stores, Inc. et al.,* No. 6:17-cv-00361.

June 20, 2017                                  By: *s/ Liza M. Walsh*

                                               Liza M. Walsh

Hector D. Ruiz
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, 6th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090


Robert T. Maldonado (*pro hac vice* motion to be submitted)
Tonia A. Sayour
Elana Araj (*pro hac vice* motion to be submitted)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

D. Michael Underhill (*pro hac vice* motion to be submitted)
Eric Maurer (*pro hac vice* motion to be submitted)
Stacey Grigsby (*pro hac vice* motion to be submitted)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Plaintiff Telebrands Corp.*

11

## **CERTIFICATION PURSUANT TO L. CIV. R. 201.1**

Pursuant to Local Civil Rule 201.1, Telebrands, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

June 20, 2017                                   By: *s/ Liza M. Walsh*

                                      Liza M. Walsh
                                      Hector D. Ruiz
Katelyn O'Reilly
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, 6th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Robert T. Maldonado (*pro hac vice* motion to be submitted)
Tonia A. Sayour
Elana Araj (*pro hac vice* motion to be submitted)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

D. Michael Underhill (*pro hac vice* motion to be submitted)
Eric Maurer (*pro hac vice* motion to be submitted)
Stacey Grigsby (*pro hac vice* motion to be submitted)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. NW
Washington, DC 20015
Tel.: (202) 237-2727
Fax: (202) 237-6131

*Attorneys for Plaintiff Telebrands Corp.*